UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| FREDRICK CONNORS,<br><br>    Plaintiff,<br><br>vs.<br><br>CHARTER COMMUNICATIONS, et al.,<br><br>    Defendant(s). | 3:10-CV-0564-ECR (VPC)<br><br>**REPORT AND RECOMMENDATION OF U.S. MAGISTRATE JUDGE**<br><br>December 16, 2010 |

    This Report and Recommendation is made to the Honorable Edward C. Reed, United States District Judge. The action was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B). Before this court is plaintiff's application to proceed *in forma pauperis* and *pro se* complaint (#1). As set forth below, it is recommended that plaintiff's application to proceed *in forma pauperis* be denied and his complaint be dismissed without prejudice.

    Applications to proceed *in forma pauperis* are governed by 28 U.S.C. § 1915, which provides that "the court shall dismiss the case at any time if the court determines that . . . the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim upon which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

    Dismissal of a complaint for failure to state a claim upon which relief may be granted is provided for in Federal Rule of Civil Procedure 12(b)(6), and the court applies the same standard under Section 1915(e)(2) when reviewing the adequacy of a complaint or amended complaint. Review under Rule 12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Laboratory Corp. of America*, 232 F.3d 719, 723 (9th cir. 2000). Dismissal for failure to state a claim is proper only if it is clear that the plaintiff cannot prove any set of facts in support of the claim that would entitle him or her to relief. *See Morley v. Walker*, 175 F.3d 756, 759 (9th Cir. 1999). In making this determination, the court takes as true all allegations of material fact stated in the complaint, and the

1 court construes them in the light most favorable to the plaintiff. *See Warshaw v. Xoma Corp.*, 74
2 F.3d 955, 957 (9th Cir. 1996).

3       The complaint must be dismissed *sua sponte* if it is in fact frivolous – that is, if the claims
4 lack an arguable basis either in law or in fact. This includes claims based on legal conclusions that
5 are untenable (*e.g.* claims against defendants who are immune from suit or claims of infringement
6 of a legal interest which clearly does not exist), as well as claims based upon fanciful factual
7 allegations (*e.g.* fantastic or delusional scenarios). *See Neitzke v. Williams*, 490 U.S. 319, 327-28
8 (1989); *see also McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991).

9       In the instant case, plaintiff's complaint lacks an arguable basis in either law or fact. Plaintiff
10 brings this action against Charter Communications, Applied Digital Solutions, VeriChip
11 Corporation, and Digital Angel Corporation. Plaintiff alleges that a device called a VeriChip was
12 placed in his body at some point and that people are working in shifts to transmit messages and
13 situational videos to him, that he is being used as a decoy for "tethered information" from cell
14 phones, and a variety of similar claims. *Id.* Plaintiff has previously filed a similar complaints in this
15 court, *Connors v. Verizon*, 3:10-CV-0028-LRH (VPC), *Conners v. Charter Communications,* 3:10-
16 CV-0288-ECR (VPC), and has previously advised that he has filed this complaint with at least
17 twenty city, state, and federal agencies all over the nation over the past eighteen months (3:10-CV-
18 0028-LRH (VPC) (#1)).

19       This court concludes that plaintiff's legal theories are based upon fanciful factual allegations
20 and are indisputably meritless. Accordingly, the court concludes that plaintiff's complaint is
21 frivolous under 28 U.S.C. § 1915(e)(2)(B)(i). Therefore, it is recommended that plaintiff's
22 complaint be dismissed.

23       The parties are advised:

24       1. Pursuant to 28 U.S.C § 636(b)(1)(C) and Rule IB 3-2 of the Local Rules of Practice, the
25 parties may file specific written objections to this report and recommendation within fourteen days
26 of receipt. These objections should be entitled "Objections to Magistrate Judge's Report and
27 Recommendation" and should be accompanied by points and authorities for consideration by the
28 District Court.

2. This report and recommendation is not an appealable order and any notice of appeal pursuant to Fed. R. App. P. 4(a)(1) should not be filed until entry of the District Court's judgment.

### III. RECOMMENDATION

**IT IS THEREFORE RECOMMENDED** that the district court enter an order **DENYING** plaintiff's motion to proceed *in forma pauperis* (#1) and **DISMISSING** this action without prejudice as frivolous, pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).

DATED: December 16, 2010.

_____
UNITED STATES MAGISTRATE JUDGE